IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CAROLYN E. O'CONNOR,<br><br>                       Plaintiff,<br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION, et al.,<br><br>                       Defendants. | Civil Action Number 3:06CV342 |

**FINAL ORDER**

THIS MATTER comes before the Court on Plaintiff's Complaint alleging negligence, gross negligence, breach fiduciary duty, and constitutional violations by the Equal Employment Opportunity Commission ("EEOC"), four EEOC employees, five federal judges, and the Commonwealth of Massachusetts. Plaintiff filed several related suits in this Court, naming many of the same defendants and basing many of her allegations and grievances on substantially overlapping nuclei of operative facts. Most of her suits have been dismissed as frivolous or for lack of subject matter jurisdiction, among other flaws. The instant Complaint is also fatally flawed for many of the same reasons the Court has already articulated in dismissing Plaintiff's other suits.

Having reviewed the allegations in the Complaint, this action must be dismissed against the EEOC, which, as a federal agency, is entitled to sovereign immunity. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Where no waiver of sovereign immunity has been shown by the plaintiff, this Court lacks jurisdiction to adjudicate the case. See Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (stating that Defendant, a governmental entity, is entitled to sovereign immunity, which deprives a court of jurisdiction to hear a case). Accordingly, Plaintiff's claims against the EEOC are dismissed for lack of subject matter jurisdiction.

Plaintiff's claims against the Chairwoman of the EEOC, Cari M. Dominguez,[1] and three attorneys working in the Office of the General Counsel for the EEOC, John F. Suhre, Vincent J. Blackwood, and Phillip B. Sklover, arise from each of these individuals' alleged acts or omissions involving the EEOC's investigation of Plaintiff's "discriminatory hiring practices" complaint against Choicepoint/CP Commercial Specialists, Inc. It is a firmly rooted principle of modern jurisprudence that "an action seeking specific relief against a federal official, acting within the scope of his [or her] delegated authority, is an action against the United States, subject to governmental privilege of [sovereign] immunity." Boron Oil Co. v. Downie, 873 F.2d 67, 69 (4th Cir. 1989). In the instant case, Plaintiff's allegations against the four EEOC employees relate to conduct wholly within the scope of their federal agency employment. Therefore, the doctrine of sovereign immunity also applies to each of their actions. Only where the official's conduct cannot be attributed to the sovereign because the official had no power to do the alleged acts can it properly be said that the action is not one against the United States as sovereign. Dugan v. Rank, 372 U.S. 609, 621–22 (1963) (stating that sovereign immunity does not apply where the government official's actions exceeded their authority). Plaintiff's claims against the four EEOC employees are hereby dismissed, as their actions are protected by the doctrine of sovereign immunity.

Plaintiff's claims against Judge William G. Young, Judge Morris E. Lasker, Judge George A. O'Toole, Jr., Judge Juan R. Torruella, Judge Bruce M. Selya, and Judge Kermit V. Lipez also fail. As Plaintiff should be well aware from her several defeated attempts at suing federal judges, federal judges acting in their official capacity are protected from suit by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 10 (1992) (holding that judicial immunity is a threshold question which requires

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court has substituted Cari M. Dominguez, the current Chairwoman of the Equal Employment Opportunity Commission, as the proper defendant in place of Ida Castro, the former Chairwoman.

2

summary dismissal); Cleavinger v. Saxner, 474 U.S. 193, 199 (1985) (holding that a judge is immune from a suit for money damages).  Plaintiff's legally deficient claims against presiding judicial officers based on her disagreement with their decisions and dismissal of her claims is wholly inappropriate.  Plaintiff's attempts to sidestep the doctrine of judicial immunity by alleging claims against these judges in their individual capacity is unavailing, since she alleges that she has incurred damages from acts performed in the judges' judicial capacity.  Plaintiff's claims against the judges in their official and individual capacities are barred by the judges' common law judicial immunity and are hereby dismissed.

Plaintiff's claims against the Commonwealth of Massachusetts must be dismissed, as well.  The Eleventh Amendment grants the states absolute immunity from suits brought by individuals for damages in federal court.  See Edelman v. Jordan, 415 U.S. 651, 662–63 (1974).

For the foregoing reasons, Plaintiff's Complaint (**Docket Entry # 1**) is DISMISSED in its entirety WITH PREJUDICE.

Plaintiff is advised that she may appeal the decision of this Court.  Under Federal Rules of Appellate Procedure 3 and 4, any written Notice of Appeal must be filed with the Clerk of this Court within sixty (60) days of the date of entry of this Order.  Failure to file a timely Notice of Appeal may result in the loss of the right to an appeal.

Let the Clerk send a copy of this Order to pro se Plaintiff Carolyn E. O'Connor and to all Defendants.

It is SO ORDERED.

/s/
JAMES R. SPENCER
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this   18th   day of July 2006